```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

THE LEVINGSTON CORPORATION                      CIVIL ACTION

VERSUS                                          NO. 07-7169

DEWAYLES LIMITED INTERNATIONAL ET AL.           SECTION "F"

ORDER AND REASONS

Before the Court is the defendants' motion to dismiss the plaintiff's copyright claims for lack of subject matter jurisdiction under the Copyright Act. For the reasons that follow, the motion to dismiss is GRANTED.

Background

Levingston Corporation filed this lawsuit on October 23, 2007 against DeWalyes International Limited and two DeWayles employees, Godfrey Okoro and Chief Emonena Victor Egukawhore. The complaint asserts claims for breach of contract and copyright infringement in relation to vessel designs that Levingston sold to DeWayles for the construction of a two-hundred foot ship. The Court previously granted the defendants' motion to dismiss the breach of contract claims against Okoro and Chief Egukawhore. The defendants now move

1

to dismiss Levingston's copyright claims, arguing that the Court lacks jurisdiction because Levingston has not alleged it owns or has applied for a copyright registration, as required by 17 U.S.C. § 411(a).

I.

Section 17 U.S.C. § 411(a) provides that "no action for infringement of the copyright in any United States work shall be instituted until registration of the copyright claim has been made in accordance with this title." Registration is a *jurisdictional* prerequisite to an infringement claim. Creations Unlimited, Inc. v. McCain, 112 F.3d 814, 816 (5th Cir. 1997). Although courts in other circuits have held that a plaintiff must actually obtain a certificate from the U.S. Copyright Office before filing suit, the Fifth Circuit has interpreted § 411 to require only that a plaintiff files, and the Copyright Office receives, a copyright application, deposit, and fee before a plaintiff commences an infringement action. Starr v. DaimlerChrysler Corp., 2007 WL 3144852 *1 (5th Cir. 2007), citing Lakedreams v. Taylor, 932 F.2d 103, 1108 (5th Cir. 1991).

Levingston did not apply for a copyright on its vessel designs before filing this lawsuit. Levingston claims, however, that its subsequent mailing of a copyright application to the Copyright Office satisfies the jurisdictional requirements of § 411 under the Fifth Circuit's holding in Positive Black Talk Inc. v. Cash Money

Records Inc., 394 F.3d 357 (5th Cir. 2004). The infringement action in Positive Black Talk involved a dispute between two record labels over ownership of rap lyrics. On the same day that the plaintiff, Positive Black Talk, Inc., filed its lawsuit against Cash Money Records, Inc. for copyright infringement, the plaintiff also mailed its application to the Copyright Office. Positive Black Talk, 394 F.3d at 363-364. The Copyright Office received the plaintiff's application four days after the lawsuit commenced. Id. The case proceeded to a jury trial, and the jury found that the plaintiff proved it owned a copyright in the rap lyrics, but failed to prove the defendant infringed on this copyright. The district court entered judgment in favor of the defendants. Id. at 364.

On appeal, Cash Money Records argued that the plaintiff's trial pleadings did not comply with the statutory formality set forth in § 411 (and, therefore, the district court lacked jurisdiction over the copyright claims), because the plaintiff filed the lawsuit four days before the Copyright Office actually received the plaintiff's copyright application for the lyrics. The Fifth Circuit held that the jury's ultimate judgment in the case was not rendered a nullity because of the jurisdictional defect; rather, it held that a plaintiff who files a copyright infringement lawsuit *before* registering with the Copyright Office may cure the § 411 defect by subsequently amending or supplementing its complaint, once it registers the copyright. Id. at 366. In

3

addition, although the plaintiff never amended or supplemented the complaint, this failure did not preclude a finding on appeal that federal jurisdiction existed. Id. at 366, citing Mathews v. Diaz, 426 U.S. 67, 73-76 (1976). The court of appeals explained that "considerations of finality, efficiency, and economy" counseled in favor of disregarding "the technical defect in timing in this particular case." Id. at 367.

Contrary to the plaintiff's interpretation, Positive Black Talk is not a blank permission slip for district courts to disregard pleading failures in copyright claims. If a plaintiff fails to register a copyright before commencing an infringement action, the § 411 defect can be cured only if the plaintiff registers the copyright and amends its complaint. Evidence that the Copyright Office has received the application--no mater how reliable--does not substitute or obviate the plaintiff's obligation to amend the pleadings. Levingston has not amended its complaint to include the allegations required to establish subject matter jurisdiction over the copyright claims,[1] and, therefore, Levingston

---

[1] The Court notes that Levingston has not established that its application was received by the Copyright Office. In its brief filed on February 1, 2008, Levingston states that its application would be filed with the Copyright Office on or before February 2, 2008. The Court has received no confirmation that the application was filed, or that it was received. See e.g., Busch v. Williams, 2007 WL 2254939 *2 (N.D. Tex. 2007) (amending complaint to allege that copyright application has been filed with Copyright Office does not cure § 411 jurisdictional defect absent some basis for the Court to conclude the Copyright Office received the application, deposit, and fee), citing Positive Black Talk, 394 F.3d at 365.

cannot establish this Court's jurisdiction under 28 U.S.C. § 1441.

The defendants' motion to dismiss the copyright claims is hereby GRANTED without prejudice. See 17 U.S.C. § 507; McConley v. Boise Bldg. Solutions Mfg., L.L.C., 2006 WL 709599 *5 n. 2 (W.D. La. 2006).

New Orleans, Louisiana, February 13, 2008.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

Even if Levingston could establish its application was received, the considerations of finality, efficiency, and economy that caused the Fifth Circuit to overlook the plaintiffs failure to amend the pleadings in Positive Black Talk are simply not present.